20-1128-cr
*United States v. Sweeney*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-one.

Present:

      AMALYA L. KEARSE,
      ROBERT A. KATZMANN,
      SUSAN L. CARNEY,
         *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                         No. 20-1128-cr

MARK WINN SWEENEY, JR.,

    *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | Michael D. Gadarian, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY. |
| For Defendant-Appellant: | Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Mark Winn Sweeney, Jr., appeals from a criminal judgment entered on March 26, 2020, revoking his earlier-imposed term of supervised release and sentencing him to twenty-four months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In July 2019, Sweeney pled guilty to one count of threatening to assault and murder federal employees in violation of 18 U.S.C. § 115(a)(1)(B). The charge stemmed from an incident in which Sweeney called a Veteran Affairs (VA) crisis line, complaining that a VA doctor and nurses who had treated him for chronic dental pain had belittled him and not taken his condition seriously. On a recorded line, Sweeney made numerous explicit threats to murder certain VA employees, saying, among other things, that "They're all gonna pay, . . . and I do have a plan" and that "I got enough weapons I can take out four people at least." App'x 16.

At Sweeney's sentencing, the district court calculated a United States Sentencing Guidelines range of six to twelve months' imprisonment for the offense. It then imposed a sentence of time served (about eight months) to be followed by one year of supervised release. The district court expressed its concern to Sweeney that "you [do not] realize the seriousness of the criminal activity that you did, threatening to kill people." Gov't App'x 13. It explicitly cautioned Sweeney

2

that "if you should violate any of [the conditions of supervised release], you'll be back before me and I will be giving you the maximum prison term." *Id.* at 14.

In the weeks and months after his sentencing, Sweeney violated his conditions of supervised release. In March 2020, Sweeney admitted to violating five conditions imposed on him: that he participate in a program for substance abuse, including drug testing (Violation 1); that he participate in mental health treatment (Violation 2); that he regularly report to his probation officer (Violation 3); that he report any contact with law enforcement to his probation officer (Violation 4); and that he refrain from unlawful use of controlled substances (Violation 5). At sentencing on these violations, the district court determined, without objection from the parties, that the applicable Guidelines range for these offenses was three to nine months' imprisonment. It also noted that the violations carried a statutory maximum sentence of two years' imprisonment. *See* 18 U.S.C. § 3583(e)(3). The district court ultimately imposed the maximum two-year sentence.

Sweeney now challenges that sentence as procedurally and substantively unreasonable. Regarding procedural reasonableness, Sweeney argues that the district court did not sufficiently explain its reasons for imposing the maximum sentence. *See United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) ("A sentence is procedurally unreasonable if the district court . . . fails adequately to explain the chosen sentence."); 18 U.S.C. § 3553(c)(2) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence [is outside the Guidelines range], the specific reason for the imposition of a sentence different from [the Guidelines range] . . . .").[1] Because Sweeney did not object to the adequacy of the district court's explanation at the time the sentence was imposed, we review his procedural challenge for

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

plain error. *See United States v. Villafuerte*, 502 F.3d 204, 207, 211 (2d Cir. 2007). We may vacate a sentence for plain error "only if (1) there is an error, (2) the error is plain, (3) it affects substantial rights, and (4) it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Rasheed*, 981 F.3d 187, 197 (2d Cir. 2020).

We conclude that the district court's explanation for imposing the maximum sentence was not plainly erroneous. *See Smith*, 949 F.3d at 66 (2d Cir. 2020) ("[T]he degree of specificity required for the reasons behind a [violation of supervised release] sentence is less than that for plenary sentencing . . . ."). First, the district court explained at sentencing, "I gave the defendant time served [on the original offense] where I could've given [him] considerably more." App'x 58. Second, the district court emphasized the sheer number of violations that Sweeney had accumulated within mere months of his release, observing, "I've never seen so many individual violations so soon after [a defendant's release]." *Id.* Related to both of these rationales is a third: the district court had warned Sweeney at his original sentencing that it would impose exactly this maximum sentence if Sweeney were to violate the conditions of his supervised release, and the district court followed through on this warning. These reasons were sufficient to "inform[] the defendant of the reasons for his sentence [and] permit[] meaningful appellate review." *Villafuerte*, 502 F.3d at 210.

As to substantive reasonableness, Sweeney argues that the district court erred because it imposed a sentence that is excessive in light of the relevant factors under 18 U.S.C. § 3553(a). We employ a "deferential abuse-of-discretion standard" when evaluating substantive reasonableness. *Smith*, 949 F.3d at 66. This standard "derives from a respect for the distinct institutional advantages that district courts enjoy over their appellate counterparts in making an individualized assessment of sentence under 18 U.S.C. § 3553(a)." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir.

4

2012). We perform our review "modestly," and we may not "substitut[e] our own judgment for that of [the] district court[]." *Id.* We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir.2008) (en banc); *see Broxmeyer,* 699 F.3d at 289 (explaining that a sentence is substantively unreasonable only if it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice").

We conclude that the district court did not abuse its discretion in imposing the two-year sentence. As discussed above, the sentence reasonably reflects the unusual number and frequency of violations that Sweeney committed, as well as the district court's consideration of the § 3553(a) factors.

We have considered Sweeney's remaining arguments on appeal and find in them no basis to depart from these conclusions. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

5